# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4589 | **DATE** | 3/2/12 |
| **CASE TITLE** | Craig Gunn vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Fifth Amended Complaint [#15] is dismissed without prejudice to Plaintiff, through counsel, submitting another amended complaint that states a valid federal claim. The court appoints Charles Falkenberg, III, Karlin & Fleisher, 111 W. Washington St., Suite 1505, Chicago, IL 60602, (312) 346-8620, to represent Plaintiff in accordance with counsel's trial bar obligation under N.D. Ill. Local Rule 83.11(g). Within 30 days of the date of this order, counsel should enter an appearance for Plaintiff. Counsel should obtain a copy of the arrest report or other document showing the arresting officers' identities. Within 60 days of the date of this order and after an initial investigation, counsel should submit an amended complaint asserting a valid federal claim, if counsel is able to do so pursuant to his Fed. R. Civ. P. 11 obligations. If counsel is unable to file an amended complaint stating a federal claim, he should so notify the court.

■ [ For further details see text below.]                                   Docketing to mail notices.

## STATEMENT

　　　Plaintiff Craig Gunn, previously incarcerated at the Cook County Jail but now released, has filed his fifth amended complaint in accordance with the court's December 12, 2011, order. Plaintiff alleges that on August 20, 2010, two officers (referred to as John Doe 1 and 2) arrested Plaintiff for the offense of robbery of a liquor store. Plaintiff alleges that the officers stated they arrested him based upon an identification from a photo array, but that Plaintiff later learned that there were 25 suspects. With respect to his prosecution, Plaintiff states that he was told that there were fingerprints and other evidence, but no such evidence was presented at trial. Plaintiff was acquitted a year following his arrest, during which time his mother passed away and he "lost his home." (5th Am. Compl. at 4.) Naming John Does 1 and 2, Chicago Police Department, and Cook County as Defendants, Plaintiff alleges false arrest, false imprisonment, malicious prosecution, as well as assault, battery, and conspiracy.

　　　As noted in the court's prior orders, this court must conduct an initial review of a complaint and dismiss the complaint, or any claim therein, that fails to state a claim upon which relief can be granted by this court. 28 U.S.C. § 1915A and § 1915(e)(2)(B). Plaintiff's most recent amended complaint lists several claims (assault, battery, conspiracy, false arrest, false imprisonment, and malicious prosecution), but he alleges only that he was arrested and imprisoned without probable cause and that he was prosecuted without any evidence to support a conviction. (5th Am. Compl. at 4-5.) Plaintiff states nothing to suggest assault, battery, or conspiracy, and these claims are thus dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (merely asserting labels or legal conclusions is insufficient to state a claim, and a complaint must provide some information about the claim).

　　　The bulk of Plaintiff's allegations indicate that his main claim is malicious prosecution. He states that he was told that there was "fingerprints and other evidence connecting him to the crime; however, at trial, none of that evidence was presented and plaintiff was found not guilty." (5th Am. Compl. at 4.) A malicious prosecution claim by itself, however, is not a federal one and cannot support a federal cause of action.

| STATEMENT |
|---|

*Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001) (malicious prosecution is not a constitutional claim, and so long as a state provides a means for raising the claim in state court, which Illinois does, the claim does not itself support a federal suit).

With respect to the false arrest and false imprisonment claims, which are federal claims, Plaintiff states that he was arrested and incarcerated without probable cause. (5th Am. Compl. at 4.) The information he provides to support these claims, however, do not indicate that probable cause was lacking. Plaintiff states that the two arresting officers (John Does #1 and #2) arrested Plaintiff based upon an identification from "an alleged photo array," but later testified at trial that they "originally had over 25 suspects." (*Id.*) The fact that the arresting officers began their investigation with 25 suspects and then arrested Plaintiff based upon a photo identification does not indicate an absence of probable cause. However, to the extent Plaintiff is attempting to allege some issue with the photo identification, he should be allowed to assert such a claim. *Lawson v. Veruchi*, 637 F.3d 699, 704 (7th Cir. 2011) (impermissible police conduct during a photo identification when seeking an arrest warrant can support a claim of false arrest); *but see Phillips v. Allen*, __ F.3d __, 2012 WL 414815 at *2 (7th Cir. 2012) (identification of suspect from a photo array by a sole witness is sufficient for probable cause for an arrest).

Additionally, the court notes that the limitations period for Plaintiff's claims of false arrest and false imprisonment will expire sometime around August 2012, and the John Doe officers should be named as Defendants before that time. *National Cas. Co. v. McFatridge*, 604 F.3d 335, 344 (7th Cir. 2010) (a two-year limitations period applies to § 1983 claims of false arrest and false imprisonment in Illinois); *Jackson v. Kotter*, 541 F.3d 688, 699 (7th Cir. 2008) (identifying an unknown defendant in an amended complaint does not relate back to the date the original complaint was filed).

Accordingly, in the abundance of caution, the court will appoint counsel for Plaintiff to assist with his complaint. The court appoints Charles V. Falkenberg , III, Karlin & Fleisher, 111 W. Washington St., Suite 1505, Chicago, IL 60602, (312) 346-8620, to represent Plaintiff in accordance with counsel's trial bar obligation under N.D. Local Rule 83.11(g). Counsel should enter an appearance for Plaintiff within 30 days of the date of this order. Counsel should obtain a copy of the arrest report or other records showing the arresting officers' identities. Within 60 days of the date of this order and after some initial investigation, counsel should submit an amended complaint asserting Plaintiff's false arrest and false imprisonment claims (along with any state law claims of malicious prosecution), if counsel is able to do so pursuant to his obligation under Fed. R. Civ. P. 11. If counsel is unable to file an amended complaint stating a federal claim, he should so notify the court.

*[signature: George W. Lindberg]*